POWELL, J.
This was an action in ejectment. The plaintiff filed his petition as trustee of one C. F. Denham, to recover possession of certain real estate described in his petition, now in the possession of the defendants Jay Peck and Elizabeth Peck, and claimed to be owned by them.
The • rights of the parties are all derived from the will of Caroline Ensign, who was the owner of the lands described in the petition, at the time of her death.
Caroline Ensign died testate, July 5, 1895, leaving two sons, Milan Denham and Cornelius Denham, and three grandsons, William Denham, John Denham, and C. F. or Frank Den-ham, sons of the said Milan Denham.
*103 By the terms of her will she gave the east half of the farm: owned by her in this county to her son, Cornelius Denham, in fee simple. To her son, Milan Denham, she gave a life estate to the west half of her said farm, together with certain rights in her personal property, which was left in the hands of her executor for the use and benefit of said Milan Denham during his lifetime.
By Item 5 of her will -she created a trust in the said west half, after the death of Milan, for the benefit of her grandson, "William Denham, and provided that if William Denham should die without leaving children surviving him the said west half should pass in fee simple to her grandsons, John Denham and-Frank Denham, and if either John Denham or Frank Denham should die before the death of said William Denham, without children surviving him, said west half should descend to the surviving grandson in fee simple. .
To carry the trust so created by her in favor of William Denham into effect, she named one, Charles MeClave, as trustee, and the said MeClave was, after her death, duly appointed as such trustee and carried out the terms of such trust until the death of William, when the trust terminated.
Milan Denham died March 9, 1904. John Denham died January 14, 1908, leaving at the death of William Denham, which occurred January 28, 1909, and when said trust terminated, Frank Denham as the only survivor of the devisees named in said will, having an interest in the west half of said farm.
At the death of William Denham, MeClave as trustee filed a final account, March 24, 1909. This account was approved by the court and afterwards, February 25, 1914, MeClave executed a deed, as such trustee, to the said Frank Denham, for the lands in the petition described and in controversy in this proceeding.
The issue presented to the court for adjudication is made by an answer to the petition, in the nature of a general denial of all the material allegations in the petition and amended petition contained. This issue puts the plaintiff upon proof of his title and his right to possession of the lands sought to be recovered.
*104 The evidence adduced and disclosed by the bill of exceptions shows,—
1. A record of the appointment of plaintiff, as trustee.
2. The will of Caroline' Ensign, but not the order admitting the same to probate.
3. The record of the appointment of Charles McClave as trustee for the benefit of William Denham.
4. The final settlement of McClave as such trustee.
The other facts above set forth were agreed to by counsel in open court.
At the close of plaintiff’s testimony, defendants moved that the case be tafeen from the jury and a verdict in their favor be directed by the court. This motion was sustained.
Upon an examination of the record, the court is of the opinion that the will of Caroline. Ensign fixes and determines all the rights of the parties to this proceeding.
Item 5 of the said will creates a, trust, and, as we view it, a trust solely for the benefit of William Denham in the lands described in the petition, and in certain personal property mentioned in said will. At the death of William Denham this trust so created terminated, and by the further provisions of said will the title to said lands passed in fee simple to the said Frank Denham, he being the survivor of the two devisees named to take said title at the death of William without children surviving him.
Nothing remained to be done to carry out the trust so made except the filing of a final account by the trustee, and possibly the execution of a deed by him to the said Frank Denham.
The will provides that a deed should be executed by the said trustee. The court, however, is of the opinion that it matters but little whether or not such deed was made or not, as the will itself was the source of Frank Denham’s title, conveying to him an absolute estate in said west half upon the death of William without children surviving him, and that without the intervention of any trustee.
It is contended that because McClave had made his settlement some years prior to the execution of the deed by him to said Frank Denham, such deed would be without legal effect.
*105 We think this contention is not well taken, and that by analogy to the rule in cases of administrators and executors the authority of a trustee continued even after final settlement, until the duties of such trust as designated in the instrument creating the trust shall have been fully performed.
We cite Taylor v. Thorn, 29 Ohio St., 569, where the court say,- — -“The administrator had not resigned, nor had 'he been removed. Neither his functions nor duties would cease until the estate was fully settled.”
We also cite, McAfee v. Phillips, 25 Ohio St., 374; Weyer et al. v. Watt, Exec., 48 Ohio St. 545 [28 N. E. 670].
The first proposition of the syllabus is as follows:
“1. The authority of an executor or administrator to represent the estate, unless terminated in one of the modes provided by statute, continues until the estate is fully settled. ’ ’
This rule, we think, applies to a trustee appointed by any court of competent jurisdiction, and that if it was necessary that a deed be made by McClave to Frank Denham in order to convey complete title to him, the deed of February 24, 1914, would be effectual for that purpose.
The court is of the opinion that upon the record as presented plaintiff was without any legal right to the possession of the lands sought to be recovered: that while he was appointed trustee, as appears by the record of the probate court of this county, offered in evidence, he was so appointed after the trust had expired; that nothing remained for him to do as such trustee; and that the lands described descended in fee simple to Frank Denham, under the express provisions of the will of Caroline Ensign to that effect.
It appears that the plaintiff is without title to said lands as trustee or otherwise, and without any right of possession, and the court did not err in sustaining the motion to direct a verdict.
Ip. eases of this kind, if the plaintiff is entitled to recover, it is upon the strength of his own title and not upon the weakness of the tille of his adversary, and the plaintiff in this case, having failed to show any title in himself, or right of possession, the court properly instructed the jury to return a verdict dn *106 favor of the defendants, and that judgment we think ought to be affirmed.
Judgment affirmed.
Houck, and Shields, JJ., concur.